IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITTANI LANGLINAIS and WARREN HARRISON, JR. on Behalf of Themselves and Others Similarly Situated, | § § § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § | CASE NO. _____ |
| RIVER OAKS EMERGENCY CENTER LLC, KATY EMERGENCY CENTER LLC, and HORTENCIA LUNA-GONZALES, | § § § § § § | |
| *Defendants.* | § | JURY TRIAL DEMANDED |

### PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

On behalf of themselves and others similarly situated, BRITTANI LANGLINAIS and WARREN HARRISON, JR. file this lawsuit against RIVER OAKS EMERGENCY CENTER LLC ("River Oaks Emergency"), KATY EMERGENCY CENTER LLC ("Katy Emergency") and HORTENCIA LUNA-GONZALES (collectively "Defendants") to recover unpaid wages and unpaid overtime wages, and would show the following:

### NATURE OF CLAIMS

1.     This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("the FLSA") to correct unlawful employment practices, including Defendants' failure to abide by wage and hour laws. This collective action seeks to recover the unpaid wages, unpaid overtime wages, and other damages owed by Defendants to its current and former employees.

1

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in this district, and this is the district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiffs are current and former employees of Defendants. Plaintiffs were employed within the past three years and paid an hourly wage.

5. Plaintiffs bring this action on behalf of themselves and all other Registered Nurses currently and formerly employed by Defendants within the past three years.

6. Defendant River Oaks Emergency Center LLC ("River Oaks Emergency") is a limited liability company headquartered in Houston, Texas. It may be served with summons in this cause by serving its registered agent, Hortencia Luna-Gonzales, 2202 Del Monte, Houston, TX 77019 or wherever she may be found.

7. Defendant Katy Emergency Center LLC ("Katy Emergency") is a limited liability company headquartered in Katy, Texas. It may be served with summons in this cause by serving its registered agent, R. Jason Griffin, 8709 Cedarspun Dr., Houston, TX 77055.

8. Defendant Dr. Hortencia Luna-Gonzales ("Luna-Gonzales") is the Medical Director and Chief Executive Officer of both River Oaks Emergency and Katy Emergency. Dr. Luna-Gonzales may be served with summons in this cause by serving her at her office address, 24433 Katy Freeway, Suite 700, Katy, TX 77494 or 2320 S Shepherd Drive, Houston, TX 77019, or wherever she may be found.

9. As the Medical Director and Chief Executive Officer of River Oaks Emergency and Katy Emergency, Luna-Gonzales is an individual who acts directly or indirectly in the interest of the employers in relation to their employees. Consequently, Luna-Gonzales is considered an employer under the FLSA. 29 U.S.C. §§ 203(a) and (d). Because Luna-Gonzales exercised managerial responsibilities and operational control over River Oaks Emergency and Katy Emergency, as well as the terms and conditions of its Registered Nurses' work, she is jointly and severally liable for the FLSA violations claimed herein and Plaintiffs' damages.

10. Defendants constitute a single business enterprise that is highly integrated with respect to ownership and operations.

11. Defendants share employees' services. Specifically, Defendants interchange employees between the River Oaks and Katy facilities.

12. Defendants maintain interrelated operations, share control over labor relations, share common management, and share common ownership. Defendants are employers, both jointly and individually, under federal law. Accordingly, each is liable for the violations alleged herein.

## FACTS

13. River Oaks Emergency and Katy Emergency (together, "Facilities") are freestanding 24-hour emergency rooms in Houston, TX and Katy, TX. Facilities are not hospitals or residential care facilities.

14. Facilities are equipped to handle injuries or life-threatening emergencies that a standard emergency room can treat. Facilities purport to offer services including 24-hour pediatric care; diagnosis and treatment; x-rays; ultrasounds; CT scanning; and laboratory functions.

15. Plaintiffs worked as Registered Nurses at Facilities. As Registered Nurses, Plaintiffs' primary duties included performing short physical exams and obtaining the health histories of patients. They also administered medications and wound care, among other care.

16. Over the past three years, Facilities have employed tens of workers, including Plaintiffs, as Registered Nurses.

17. According to the employee handbook, Registered Nurses are expected to work 12-hour shifts, 3 days per week. The handbook further promises overtime to employees who work in excess of 40 hours in a workweek.

18. Defendants know Plaintiffs and other Registered Nurses sometimes work more than 40 hours in a workweek. Specifically, Defendants know Plaintiffs and other Registered Nurses sometimes work 12-hour shifts, four to six days per week between Facilities.

19. Plaintiffs and other Registered Nurses were often required to work through their lunch breaks. Nonetheless, Facilities docked 30 minutes of pay from Registered Nurses for a lunch break, regardless of whether the lunch break is taken or not.

20. During the past three years, Facilities did not pay its Registered Nurses a salary. Instead, these workers were paid on an hourly basis, regardless of how many hours they worked.

21. Defendants did not pay a fixed amount as straight time paid for whatever hours Registered Nurses were called upon to work.

22. Plaintiffs and other Registered Nurses were not paid overtime at a rate of one and one-half times their regular rate for each day in which they worked more than eight hours.

23. Plaintiffs and other Registered Nurses were not paid overtime at a rate of one and one-half times their regular rate for each hour they worked in excess of 40 hours during a workweek.

24. Facilities' gross revenues exceeded $500,000.00 for each of the past three years.

25. Facilities are enterprises engaged in commerce within the meaning of the FLSA.

26. Defendants are well-aware of the fact that their compensation plan is illegal.

27. Defendants have received multiple complaints from employees regarding its overtime pay practices with respect to Registered Nurses. Despite these complaints, Defendants continue to deny its Registered Nurses overtime pay.

28. In response to the complaints, Defendants published a "No Overtime" policy. It is a one-page document that appears to imply its employees will not be paid overtime.

29. Currently, Defendants do not pay their Registered Nurses overtime pay.

30. Defendants' pay structure affects all the Registered Nurses in a similar manner. Accordingly, Plaintiffs and other Registered Nurses are similarly situated for purposes of their overtime claims. The collective action class is therefore properly defined as:

**All Registered Nurses employed by Defendants at any time in the past three years.**

31. The FLSA requires covered employers to keep records of the hours worked and wages earned by each non-exempt worker, including the hours worked each day and the total hours worked each workweek. *See* 29 C.F.R. § 516.2(a)(7).

32. During the past three years, Defendants altered Plaintiffs' time records to reflect less time than they actually worked. Defendants did so without permission from the Plaintiffs. As a result, Defendants did not keep accurate records of hours worked and did not pay the minimum wage associated with these hours.

### **DEFENDANT HORTENCIA LUNA-GONZALES**

33. Plaintiffs incorporate all preceding paragraphs herein by reference.

34. Hortencia Luna-Gonzales is the Medical Director and Chief Executive Officer of Facilities and held these positions during the three years preceding this lawsuit.

35. Luna-Gonzales was involved in creating and establishing the compensation structure applicable to all Registered Nurses, including Plaintiffs.

36. During the three years preceding this lawsuit, Luna-Gonzales approved general compensation and payroll policies for Facilities.

37. During the three years preceding this lawsuit, Luna-Gonzales exercised managerial responsibilities and operational control over Facilities, including with regard to the terms and conditions of Plaintiffs' (and other putative plaintiffs') work for Defendants.

### **FIRST CAUSE OF ACTION: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

38. Plaintiffs incorporate all the preceding paragraphs herein by reference.

39. Within the past three years, Plaintiffs worked more than 40 hours in a workweek for Defendants without being paid one and one-half times their regular rate.

40. Within the past three years, Registered Nurses other than Plaintiffs have also worked more than 40 hours in a workweek for Defendants without being paid one and one-half times their regular rate.

41. By failing to pay Plaintiffs and other Registered Nurses the minimum wage and overtime at one-and-one-half times their regular rates, the compensation policies and practices of Defendants violated the FLSA.

42. Defendants owe Plaintiffs and other Registered Nurses the difference between the compensation actually paid and compensation and other lost wages due for all hours worked in a given workweek.

43. Because Defendants knew, or showed reckless disregard for whether, their pay policies and practices violated the FLSA, Defendants owe Plaintiffs and other Registered Nurses overtime and lost wages for the past three years.

44. No exemption excuses Defendants from paying Plaintiffs and other Registered Nurses their overtime rates for overtime hours worked.

45. Defendants have not made a good faith effort to comply with the FLSA.

46. Defendants also owe Plaintiffs and other Registered Nurses an amount equal to all unpaid wages as liquidated damages.

47. In addition to unpaid wages that are owed, Plaintiffs and other Registered Nurses are entitled to recover all reasonable attorneys' fees, costs and expenses incurred in this action.

48. As employers under the FLSA, Defendants are jointly and severally liable for the above-referenced violations of the FLSA and the resulting damages.

## **JURY DEMAND**

49. Plaintiffs hereby demand a trial by jury.

**PRAYER**

Wherefore, Plaintiffs seek the following relief:

(a) An order allowing (i) this action to proceed as a representative collective action under the FLSA; and (ii) notice to be sent to all other Registered Nurses employed by Defendants at any time in the past three years, so that they may opt-in to this lawsuit;

(b) Judgment awarding Plaintiffs and the other Registered Nurses all unpaid wages and overtime compensation for the time period dating back three years from the filing of this action;

(c) An equal amount as liquidated damages pursuant to the FLSA;

(d) Attorneys' fees, costs and expenses pursuant to the FLSA and other law;

(e) Pre- and post-judgment interest at the highest rate allowable by law;

(f) All such other and further legal and equitable relief to which Plaintiffs and the other Registered Nurses may show themselves to be justly entitled.

Respectfully submitted,

**MINCES PLLC**

By: */s/ Francisco J. Caycedo*
**Francisco J. Caycedo**
Federal I.D. No.: 36976
State Bar No. 24040664
Email: frank.caycedo@mincespllc.com
**MINCES PLLC**
4545 Bissonnet, Suite 286
Bellaire, Texas 77401
Telephone: (346) 701-8563
Facsimile: (713) 583-9795

**ATTORNEYS FOR PLAINTIFFS**

OF COUNSEL:

**David M. Minces**
Federal I.D. No.: 435389
State Bar No.: 24026880
Email: david.minces@mincespllc.com
**Gabriela M. Barake**
Federal I.D. No.: 3006704
State Bar No.: 24099794
Email: gabriela.barake@mincespllc.com
MINCES PLLC
4545 Bissonnet, Suite 286
Bellaire, Texas 77401
Telephone: (346) 701-8563
Facsimile: (713) 583-9795

**Douglas T. Gilman**
Texas Bar No. 24048496
Federal ID No. 596954
Email: dgilman@gilmanallison.com
**Brenton J. Allison**
Texas Bar No. 24040417
Federal I.D. No. 36863
Email: ballison@gilmanallison.com
GILMAN ✳ ALLISON LLP
2005 Cullen Blvd.
Pearland, Texas 77581
Telephone: (713) 224-6622
Facsimile: (866) 543-3643